UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEVIN K. L. LIMM, | NO. CIV. S-06-1242 WBS DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND REMAND |
| GEORGE J. HAHN, STATE FARM INSURANCE COMPANY, and DOES 1 - 100, | |
| Defendants. | |

----oo0oo----

Defendants State Farm Insurance Company and George J. Hahn move to dismiss this action as against defendant Hahn, upon the ground that his joinder is fraudulent. For the foregoing reasons, the court denies defendants' motion and remands the case to state court for lack of jurisdiction.

I.  Factual Background

Defendant State Farm Insurance Company ("State Farm") provided automobile insurance for plaintiff Kevin K. L. Limm. (Compl. ¶ 16.) State Farm employs defendant Hahn as an insurance broker. (Id. ¶ 4.) Defendant Hahn and plaintiff are citizens of

1

1 California; defendant State Farm is a citizen of the State of
2 Illinois.  (Notice of Removal ¶ 6.)
3         Plaintiff alleges that, prior to April 15, 2004,
4 defendants represented that they had obtained a one hundred
5 thousand dollar ($100,000.00) uninsured motorist policy in
6 plaintiff's name.  (Compl. ¶ 16.)  Defendants did not obtain such
7 a policy and allegedly knew that they had failed to do so.  (Id.
8 ¶ 18.)  Plaintiff further alleges that defendants State Farm and
9 Hahn held themselves out as specialists, and as such, they did
10 not fulfill the requisite duty of care.  (Id. ¶¶ 11, 13.)
11         Plaintiff claims that he did not know that he had less
12 than one hundred thousand dollars worth of uninsured motorist
13 coverage and that he relied upon defendants' misrepresentation to
14 his detriment.  (Id. ¶¶ 18, 20, 22.)  Plaintiff was subsequently
15 involved in an accident with an uninsured motorist and sustained
16 injuries in excess of the limit on his uninsured motorist policy.
17 (Id. ¶¶ 20, 21.)  Plaintiff brought suit in state court against
18 both defendants alleging the following causes of action:
19 negligence, negligent misrepresentation, and intentional
20 misrepresentation.  (Id.)  Defendants removed the case to this
21 court, contending that this court has diversity jurisdiction over
22 this matter because defendant Hahn, as an agent of State Farm who
23 cannot be individually liable, was fraudulently joined for the
24 purpose of defeating removal.  (Notice of Removal ¶¶ 2, 3.)
25 Defendants now move to dismiss defendant Hahn.
26 II. Discussion
27         For a federal court to have jurisdiction based on
28 diversity of citizenship under 28 U.S.C. § 1332, there must be

2

complete diversity between the parties. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). Complete diversity exists only when no defendant is a citizen of the same state as any plaintiff. <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). Therefore, because Hahn is, like plaintiff, a citizen of California, complete diversity does not exist on the face of the complaint.

However, a federal court may still have diversity jurisdiction over the case if a non-diverse defendant has been fraudulently joined. <u>Morris</u>, 236 F.3d at 1067. "'Fraudulent joinder' is a term of art [and] it does not reflect on the integrity of plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." <u>Lewis v. Time Inc.</u>, 83 F.R.D. 455, 460 (E.D. Cal. 1979) (citation omitted). "[I]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then a court should deem the defendant's joinder fraudulent and ignore it for purposes of diversity jurisdiction. <u>Morris</u>, 236 F.3d at 1067 (quoting <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Because there is a general presumption against finding fraudulent joinder, defendants bear a heavy burden in proving that joinder was not proper. <u>Quiroz v. Valley Forge Ins. Co.</u>, No. 05-2025, 2005 WL 1806366, at *3 (N.D. Cal. July 28, 2005). "The removing party must prove there is absolutely <u>no</u> possibility that the plaintiff will be able to establish a cause of action

3

1  against the non-diverse defendant in state court." Id. (citing
2  Kruso v. Int'l Tel. & Tel. Corp., 872. F.2d 1416, 1426-27 (9th
3  Cir. 1989)).  "[T]he court must resolve all material ambiguities
4  in plaintiff's favor." Macey v. Allstate Prop. & Cas. Ins. Co.,
5  220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002) (citing Good v.
6  Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).  Thus, any
7  disputed questions of fact are to be resolved in favor of the
8  plaintiff. Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137,
9  1140 (E.D. Cal. 1998) (citing Dodson v. Spiliada Maritime Corp.,
10 951 F.2d 40, 42 (5th Cir. 1992)). Additionally, "[w]hen there
11 are real ambiguities among the relevant state law authorities,
12 federal courts that are considering motions to remand should
13 avoid purporting to decide how state courts would construe those
14 authorities." Macey, 220 F. Supp. 2d at 1118 (citing Briano v.
15 Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1297 (C.D. Cal.
16 2000)).

17          Under California law, there is a general rule that "an
18 insurance agent whose principal is disclosed cannot be held
19 individually liable to an insured." Quiroz, 2005 WL 1806366, at
20 *5 (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966)).
21 Courts have recognized exceptions to this general rule, including
22 (1) the dual agency exception and (2) the "special duty"
23 exception.[1] Id. (citing Macey, 220 F. Supp. 2d at 1120).  The

---

[1] Defendants cite caselaw that suggests that insurance agents are never individually liable when acting within the scope of their employment, referencing Lippert, 241 Cal. App. 2d at 382. California caselaw on this issue is not a model of clarity. Significantly, however, defendants' selective citations avoid mention of cases that discuss the "special duty" exception to the rule established in Lippert.

4

dual agency rule is that an agent and the principal may both be liable to a client when the client is unaware of the principal-agent relationship. Lippert, 241 Cal. App. 2d at 383. Plaintiff does not appear to argue that this exception applies.

With regard to the special duty exception, California courts have held that an insurance agent is subject to a heightened duty when: "(a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided, (b) there is a request or inquiry by the insured for a particular type or extent of coverage, or (c) the agent assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured." Quiroz, 2005 WL 1806366, at *7 (citing Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1997); Paper Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1096-97)).

Relatedly, an insurance agent may be liable under the "special duty" exception when the agent promises to procure insurance for an insured and fails to do so. See, e.g., Quiroz, 2005 WL 1806366, at *6 ("An insurance agent has an obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." (citing Butcher v. Truck Ins.

---

In Macey v. Allstate Property & Casualty Insurance Co., the court pointed out that the rule articulated in Lippert is not incorrect, but is incomplete because it fails to take account of the "special duty" line of cases. 220 F. Supp. 2d at 1122. With a careful and thorough treatment of the cases that fail to recognize this exception to the Lippert rule, the court in Macey concluded that a district court faced with the issue of fraudulent joinder should concede the possibility that a California court may recognize this exception if there is a factual basis for it in the complaint, and the district court should therefore remand. Id. at 1119-29. As demonstrated by the analysis in the text, this court comes to the same conclusion.

5

1  Exch., 77 Cal. App. 4th 1442, 1461 (2000)) (alteration in
2  original))); Hydro-Mill Co., Inc. v. Hayward, 115 Cal. App. 4th
3  1145, 1153 (2004) ("[T]he general rule [is] that an agent or
4  broker who fails to procure insurance as requested will be liable
5  for any resulting damage . . . ." (quoting Saunders v. Cariss,
6  224 Cal. App. 3d 905, 909 (1990)) (alteration in original));
7  Westrick v. State Farm Ins., 137 Cal. App. 3d 685, 687, 691
8  (1982) (overturning a directed verdict in favor of an automobile
9  insurance agent because "an insurance agent who promises to
10 procure insurance will indeed be liable for his negligent failure
11 to do so . . . [and cannot] avoid liability for foreseeable harm
12 caused by his silence or inaction merely because he has not
13 expressly promised to assume responsibility" (citations
14 omitted)).

15          Plaintiff has alleged that defendant Hahn is
16 individually liable as an insurance agent for his negligent and
17 intentional failure to obtain insurance coverage for plaintiff.
18 In support of this claim, plaintiff has alleged that defendant
19 Hahn misrepresented the scope of plaintiff's coverage by stating
20 that plaintiff had one hundred thousand dollar uninsured motorist
21 insurance coverage.  Plaintiff does not clearly indicate whether
22 he requested this coverage in the complaint, but any dispute over
23 this fact should be resolved in plaintiff's favor. Charlin, 19
24 F. Supp. 2d at 1140.  Finally, plaintiff has alleged that
25 defendant Hahn held himself out as a specialist with expertise.
26 Plaintiff has thereby alleged facts that raise the possibility
27 that defendant Hahn is subject to liability. Cf. Maffei v.
28 Allstate Cal. Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal.

1  2006) (concluding that joinder was fraudulent where defendant was
2  "nothing more than an empty corporate shell" and therefore could
3  not be liable to the plaintiffs on any theory alleged in the
4  complaint).

5           Because the court cannot find to a near certainty that
6  there is no cause of action against defendant Hahn for breach of
7  a special duty in state court, Hahn is a proper defendant for the
8  purposes of this motion.  See Bennet v. Allstate Ins. Co., 753 F.
9  Supp. 299, 302 (N.D. Cal. 1990) (for a court to find fraudulent
10 joinder, "it must appear to a 'near certainty' that joinder of
11 [defendant] was fraudulent").  Additionally, because Hahn's
12 presence as a defendant in the case destroys diversity, the court
13 must remand this action to state court.[2]

14          IT IS THEREFORE ORDERED that defendants' motion to
15 dismiss this action as against defendant Hahn, be, and the same
16 hereby is, DENIED.  Because the court lacks diversity
17 jurisdiction over the parties pursuant to 28 U.S.C. § 1332, this
18 case is hereby REMANDED to Superior Court of the State of
19 California in and for the County of El Dorado.
20 DATED:  August 18, 2006

                                    _____
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has filed a separate motion to remand, but that motion is rendered moot by the court's determination here.

7